**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC et al., ) | |
| ) | |
| Plaintiffs, ) | 3:16-cv-00751-RCJ-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENDALL CREEK HOMEOWNERS ) | |
| ASSOCIATION et al., ) | |
| ) | |
| Defendants. ) | |

This case arises out of a homeowners' association ("HOA") foreclosure sale. Pending before the Court is a motion to dismiss and cross motions for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

### A. The Note and Deed of Trust

On or about October 31, 2006, Michael Henderson purchased real property at 5680 El Paseo Drive #102, Sparks, Nevada 89436 ("the Property"), giving Countrywide Bank, N.A. a promissory note ("the Note") and attendant deed of trust ("the DOT") against the Property. (Compl. ¶¶ 2, 19–22, ECF No. 1). Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") acquired the Note and DOT in November 2006. (*Id.* ¶ 24). On November 26, 2008, Mortgage Electronic Registration Systems ("MERS") assigned the Note and DOT to Countrywide Home Loans Servicing LP. (*Id.* ¶ 26). On October 13, 2011, MERS assigned the Note and DOT to BAC Home Loans Servicing LP, f.k.a. Countrywide Home Loans Servicing

LP ("BAC"). (*Id.* ¶ 27). On August 10, 2015, BAC assigned the Note and DOT to Plaintiff Bayview Loan Servicing, LLC ("Bayview"). (*Id.* ¶ 28).

## B.    The HOA Foreclosure

On or about May 5, 2009, Defendant Kendall Creek Homeowners Association ("the HOA") caused Defendant Nevada Association Services, Inc. ("NAS") to record a notice of default and election to sell ("NOD") as to the Property. (*Id.* ¶ 37). The HOA caused NAS to hold a foreclosure sale under Chapter 116 of the Nevada Revised Statutes ("NRS") on January 23, 2013, at which the HOA purchased the Property itself for $8,487.98 (probably a credit bid), which was less than 5% of the unpaid principal on the Note and a similarly small percentage of the fair market value of the Property at the time of foreclosure. (*Id.* ¶¶ 38, 46). In none of the foreclosure documents did Defendants ever identify the superpriority versus subpriority portions of the HOA's lien. (*Id.* ¶¶ 40–43). Therefore, on January 25, 2010, BAC requested a ledger from the HOA's foreclosure agent, NAS, identifying the superpriority amount owed to the HOA that BAC would have to pay before the foreclosure sale to protect the DOT; Defendants provided a ledger noting the monthly amounts due but failed to specify the superpriority amount. (*Id.* ¶ 44). BAC calculated the superpriority amount as $2,079 based on the monthly assessments listed in the ledger provided and tendered that amount to NAS on May 21, 2010. (*Id.* ¶ 45). NAS rejected the tender. (*Id.*).

## C.    The Present Lawsuit

Bayview and Freddie Mac have sued the HOA and NAS in this Court on the following causes of action: (1)–(2) Quiet Title under 12 U.S.C. § 4617(j)(3)[1]; (3)–(4) Quiet Title under the

---

1 Plaintiffs list separate claims for "declaratory relief" and "quiet title," but the claims are redundant, as a quiet title action is a specialized action for declaratory judgment concerning rights to title in real estate. *See Kress v. Corey*, 189 P.2d 352, 364 (Nev. 1948).

Due process Clauses of the Fifth and Fourteenth Amendments[2]; (5) Quiet Title for failure to specify the superpriority portion of the lien and wrongful rejection of tender; (6) Breach of NRS section 116.1113; and (7) wrongful foreclosure.[3]

The HOA has moved to dismiss. Plaintiffs and the HOA have also filed cross-motions for summary judgment. NAS appears to have defaulted, but no application for entry of default appears to have been submitted to the Clerk.

## II.     LEGAL STANDARDS

### A.     Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that

---

2 *See supra* note 1.

3 The prayer for injunctive relief is not a separate cause of action, and no motion for preliminary injunctive relief has been filed.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B. Summary Judgment**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See*

*id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent

evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even if the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III.    ANALYSIS

### A.    The HOA's Motion to Dismiss

#### 1.    NRS Section 116.1113

The HOA first asks the Court to dismiss the claim under NRS section 116.1113 as time-barred. *See* Nev. Rev. Stat. § 11.190(3)(a); *U.S. Bank Nat'l Ass'n v. Woodland Vill.*, No. 3:16-CV-501, 2016 WL 7116016, at *3 (D. Nev. Dec. 6, 2016) (Jones, J.) (dismissing a section 116.1113 claim as time-barred under the three-year statute of limitations). The foreclosure sale occurred on January 23, 2013, and its pendency and occurrence was known (and recorded), according to facts affirmatively alleged by Plaintiffs. The present lawsuit was not brought until December 23, 2016, more than three years later. Because facts showing that the statute of limitations has run appear on the face of the Complaint, *see Cedars–Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128–29 (9th Cir. 1999) (citing 5B Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure: Civil § 1357 (3d ed. 1998)), the Court dismisses this cause of action, without leave to amend, *see U.S. Bank Nat'l Ass'n*, 2016 WL 7116016, at *3. The further arguments against this claim are moot.

### 2. Wrongful Foreclosure

The HOA also argues that the common law wrongful foreclosure claim is time-barred, because a three-year statute of limitations applies to that claim, as well. The HOA is correct. *See Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-CV-1433, 2016 WL 1298108, at *5 (D. Nev. Mar. 31, 2016) (Gordon, J.) (citing *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (en banc)). The Court dismisses this action, without leave to amend. The further arguments against this claim are moot.

### B. Summary Judgment

### 1. 12 U.S.C. § 4617(j)(3)

Section 4617(j)(3) preempts the involuntary extinguishment of a deed of trust under Chapter 116 when Fannie Mae, Freddie Mac, or the FHFA, as conservator of one of those entities, holds the deed of trust. *Berezovsky v. Moniz*, 869 F.3d 923, 930–31 (9th Cir. 2017); *accord Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, --- P.3d ----, 2018 WL 2293648, at *2–3 (Nev. 2018) (en banc). However, it is not always clear that a federal entity in fact has any interest in a deed of trust. The federal entity sometimes argues, as here, that although the relevant note, deed of trust, and assignments thereof indicate that some bank is in fact the beneficiary, that bank is in fact only the servicer for the federal entity under a contract between them. The Court has rejected this argument where the available evidence shows a complete chain of title inciting no ownership interest in any federal entity. *See LN Mgmt., LLC v. Dansker*, No. 2:13-CV-1420, 2015 WL 7069293, at *1–2 (D. Nev. Nov. 12, 2015) (Jones, J.). That is the case here. Plaintiffs are not entitled to summary judgment on this issue.

### 2.    Due Process and Tender

The Court has previously ruled that the facial unconstitutionality of Chapter 116's notice scheme during the relevant time frame requires it to quiet title to first deed of trust holders in cases such as this, regardless of any issues of actual notice. *See Bank of N.Y. Mellon v. Ravenstar Invs., LLC*, No. 3:17-CV-116, 2017 WL 2588088, at *3–4 (D. Nev. June 14, 2017) (Jones, J.) (citing *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159–60 (9th Cir. 2016) (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983))).  The Court will therefore grant summary judgment to Plaintiffs as a matter of law on the quiet title claim, based on the due process issue.

Next, as the Court has ruled in other cases, tender of the superpriority amount of a Chapter 116 lien immediately extinguishes the superpriority portion of the lien whether accepted or rejected. *See US Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:13-CV-241, 2016 WL 4473427, at *6–11 (D. Nev. Aug. 24, 2016) (Jones, J.).  But Plaintiffs adduce no evidence of tender[4] and therefore have not satisfied their initial burden on this issue.

In summary, Plaintiffs are entitled to summary judgment on the quiet title claim based on the due process issue but not on the other issues.  The HOA has admitted in its own motion for summary judgment that the foreclosure proceeded only on the subpriority portion of the lien and has explicitly acquiesced to a declaration of the continuing vitality of the DOT.

///

///

///

///

---

4 The documents attached to the Complaint itself are not authenticated.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 33) is GRANTED. The claims for violation of NRS section 116.1113 and wrongful foreclosure are dismissed as time-barred.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 35) is GRANTED IN PART and DENIED IN PART. Plaintiffs are entitled to summary judgment on the quiet title claim based on the Due Process Clause of the Fourteenth Amendment.

The Court hereby DECLARES that the Deed of Trust recorded in the Washoe County Recorder's Office on November 6, 2006, as Instrument Number 3459771, was not extinguished by the January 23, 2013 foreclosure sale against the Property at 5680 El Paseo Drive #102, Sparks, Nevada 89436.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 36) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 19th day of June, 2018.

_____
ROBERT C. JONES
United States District Judge